UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CHRISTOPHER THOMAS,                          :

        Petitioner,            :      02 Civ. 6254 (WHP)

      - against -                            :      MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,                    :

        Respondent.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

      Christopher Thomas ("Thomas" or "Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Thomas pleaded guilty to one count of access device fraud in violation of 18 U.S.C. §§ 1029(a)(5) and b(1)-(2). Petitioner alleges that (1) his guilty plea was involuntary and should be vacated because this Court failed to advise him of his obligation to pay restitution at his plea allocution; and (2) his attorney provided ineffective assistance of counsel by not appealing the restitution issue. (Petitioner's Letter to Court, dated Mar. 8, 2004 at 1-2.) By Memorandum and Order dated April 25, 2005, this Court granted Thomas' petition.

      The Government moves for reconsideration of this Court's April 25, 2005 Memorandum and Order. For the reasons set forth below, the Government's motion is granted, and, on reconsideration, Thomas' petition for a writ of habeas corpus is denied.

## BACKGROUND

      On July 12, 2001, Thomas pleaded guilty to access device fraud, pursuant to a plea agreement (the "Plea Agreement") with the Government. As part of the Plea Agreement,

the Government agreed not to prosecute Thomas for committing access device fraud between February 2001 and March 2001 and promised to move to dismiss all open counts. (Plea Agreement at 2.) In turn, Petitioner agreed not to challenge any sentence below the Stipulated Sentencing Guidelines Range of thirty-three to forty-one months. (Plea Agreement at 5.) Further, Petitioner agreed not to appeal any order requiring him to pay restitution less than or equal to $96,000. (Plea Agreement at 5.) The Plea Agreement provided that "the Court must also impose an order of restitution for the total amount of the loss." (Plea Agreement at 1.)

On October 11, 2001, this Court sentenced Thomas to forty-one months of imprisonment, followed by three years of supervised release, and ordered restitution in the amount of $101,165.98. (See Transcript of Sentencing Hearing, dated Oct. 11, 2001 ("Sentencing Tr.") at 10-12.) Thereafter, Thomas appealed and challenged the special conditions of supervised release but not the restitution.

While that appeal was pending, Thomas petitioned for a writ of habeas corpus on August 6, 2002 to vacate his conviction on the ground that he was denied effective assistance of counsel because of (1) his attorney's failure to dismiss the Indictment on speedy trial grounds and (2) his attorney's agreement with the criminal history calculation set forth in the plea agreement.

On August 15, 2002, the Court of Appeals affirmed the judgment of conviction in part and vacated it in part. The Second Circuit remanded the case with an instruction to conform the written judgment to the oral sentence by striking one of the special conditions of supervised release. United States v. Thomas, 299 F.3d 150 (2d Cir. 2002). On September 10, 2002, this Court amended the judgment of conviction to carry out the mandate of the Second Circuit.

By letter dated September 12, 2002, Petitioner added a claim to his habeas proceeding asserting that at his plea allocution he did not know this Court would order him to

2

pay restitution. (Petitioner's Letter to the Court, dated Sept. 12, 2002; see also Petitioner's Letter to the Court, dated Mar. 8, 2004.) Although the Plea Agreement expressly provided for restitution, this Court did not mention it during Thomas' allocution. While Thomas' petition was sub judice, he amended it to withdraw most of his claims and proceed only with the claim that his guilty plea was involuntary because this Court did not advise him of a possible restitution order and that his counsel was ineffective for failing to raise that issue on direct appeal.

By Memorandum and Order dated April 25, 2005, this Court granted Thomas' petition for a writ of habeas corpus, vacated his plea of guilty and granted him a trial. At a conference on May 5, 2005, the Government noted that it intended to move for reconsideration of that ruling based on a recent Second Circuit decision. On May 16, 2005, the Government filed its motion for reconsideration.[1]

DISCUSSION

I. Motion for Reconsideration Standard

The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); In re Currency Conversion Fee Antitrust Litig., 361 F. Supp. 2d 237, 246 (S.D.N.Y. 2005); Wechsler v. Hunt Health Systems, Ltd., No. 94 Civ. 8294 (PKL), 2004 WL 2210261, at *6 (S.D.N.Y. Sept. 30, 2004).

---

[1] Petitioner contends that this Court should reject the Government's motion for reconsideration as untimely. This Court disagrees. This Court's April 25, 2005 Memorandum and Order was entered (i.e., docketed) on May 2, 2005. Thus, the Government's motion for reconsideration, filed on May 16, 2005, was within the requisite time period of ten business days. In any event, the Government is permitted to file its motion for reconsideration after the 10-day period pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Clark, 984 F.2d 31, 33-34 (2d Cir. 1993); see also Kelly v. City of New York, Nos. 91 Civ. 2567 (JFK), 91 Civ. 7343 (JFK), 91 Civ. 7755 (JFK), 2001 WL 1132017 at *3 (S.D.N.Y. Sept. 24, 2001).

Motions for reconsideration are governed by Local Civil Rule 6.3, which is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Local Civil Rule 6.3. A motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983); accord United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). Indeed, a court should grant a motion for reconsideration if it overlooked "'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." Durant v. Traditional Inv., Ltd., No. 88 Civ. 9048 (PKL), 1990 WL 269854, at *1 (S.D.N.Y. Apr. 25, 1990). That is, "a motion for reconsideration or reargument . . . provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan. Inc. v. Guangzhou Zhen Hua Shipping Co., 182 F.R.D. 97, 100 (S.D.N.Y. 1998), aff'd, 241 F.3d 135 (2d Cir. 2001). Here, this Court grants the Government's motion for reconsideration to correct a legal error and prevent manifest injustice.

II. Standard Governing Section 2255 Petitions

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255; see also Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001). Stated differently, a habeas petition must demonstrate a colorable claim in order to be granted a hearing on the petition. See Chang, 250 F.3d at 84; United States v. Tarricone, 996 F.2d 1414, 1417-18 (2d Cir. 1993). "A motion under § 2255 is

not a substitute for an appeal." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1999) (citing United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998)); see Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992). Where the petitioner does not raise an issue on direct appeal, he can argue that issue in a Section 2255 petition only upon a showing of cause and prejudice resulting therefrom or actual innocence. Rosario, 164 F.3d at 732. Indeed, a habeas petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotations omitted).

III. Analysis

Before accepting a guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires the court to "address the defendant personally in open court [and] . . . inform the defendant of, and determine that the defendant understands . . . the court's authority to order restitution." Fed. R. Crim. P. 11(b)(1); see also United States v. Showerman, 68 F.3d 1524, 1527 (2d Cir. 1995). "This Rule is 'designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Showerman, 68 F.3d at 1527 (quoting United States v. Renaud, 999 F.2d 622, 624 (2d Cir. 1993)); see United States v. Harrington, 354 F.3d 178, 186 (2d Cir. 2004). Here, although Petitioner was made aware of his restitution obligations by the Plea Agreement, this Court did not address restitution with Thomas during his plea allocution.

In its prior decision, this Court construed Showerman and Harrington to require "strict adherence to the provisions of the Rule." Thus, this Court concluded that "the dispositive

5

issue is whether the district court advised the defendant of his obligation to make restitution." (Slip Order at 4.) However, the Second Circuit recently reached the opposite conclusion. See United States v. Vaval, 404 F.3d 144 (2d Cir. 2005).

In Vaval, the defendant pleaded guilty to robbery of federal property with a dangerous weapon. 404 F.3d at 149. "The [defendant's plea] agreement stated that the maximum term of imprisonment was 25 years, the maximum fine was $250,000, and restitution was 'N/A' under 18 U.S.C. § 3663." Vaval, 404 F.3d at 149. The defendant signed the plea agreement and pleaded guilty, but the district court did not mention restitution at his plea colloquy – a Rule 11 violation. Vaval, 404 F.3d at 149. However, the defendant's Presentence Report concluded that restitution in the amount of $6500 would be appropriate. The defendant did not object to that portion of the report. Vaval, 404 F.3d at 149. At sentencing, the district court ordered the defendant to pay $6500 in restitution, Vaval, 404 F.3d at 151, and the defendant appealed.

In affirming the district court, the Second Circuit noted that because the defendant had not objected to the Rule 11 violation, it was only reviewable "for plain error under Fed. R. Crim. P. 52(b)." Vaval, 404 F.3d at 151. "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights." Vaval, 404 F.3d at 151 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). "In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" Vaval, 404 F.3d at 151 (quoting United States v. Dominguez Benitez, 542 U.S. 74, ---, 124 S.Ct. 2333, 2340 (2004)). Because the defendant in Vaval learned before sentencing of the "information erroneously omitted in violation of Rule 11 but fail[ed] to attempt to withdraw his plea based on that violation," the

6

Second Circuit "conclude[d] without difficulty that there is no reasonable probability that being told at the plea hearing of mandatory restitution of $6500 would have affected appellant's decision to plead guilty" and "the plain error standard is not met." Vaval, 404 F.3d at 152.[2]

Thomas has failed to establish that this Court committed a "'constitutional or jurisdictional' error," or that its Rule 11 violation resulted "in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" Lucas v. United States, 963 F.2d 8, 12-13 (2d Cir. 1992). Since Thomas is challenging this Court's failure to address restitution in a habeas proceeding, the standard for review is higher than the plain error standard. See United States v. Addonizio, 442 U.S. 178, 184 (1979) ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."); accord Lucas, 963 F.2d at 14. In Lucas, the district court imposed a $10,000 fine even though it had not informed Lucas as that possibility. 963 F.2d at 12. On habeas review, the district court "upheld the guilty plea . . . but granted partial relief by excising the remainder of the special parole term and the fine based on the rule 11 violation." Lucas, 963 F.2d at 11. The Second Circuit reversed this aspect of the district court's ruling:

> Lucas should not be allowed collateral relief, because he acknowledged that he had reviewed the presentence report before sentencing, a report that contained the maximum penalties he faced, including the fine and special parole term; because he failed to object to the sentence; because he failed to attempt to withdraw his plea at sentencing, even when invited by the judge to speak; because he failed to pursue a direct appeal on the issue. . . . From this technical violation of rule 11 Lucas did not suffer an injury sufficiently grievous to warrant collateral relief.

---

[2] Distinguishing Harrington, the Second Circuit noted that that case applied a less stringent standard of review, namely harmless error, because the defendant had preserved his objection "forcing the government to bear the burden of showing no effect on substantial rights." Vaval, 404 F.3d at 151 n.3.

Lucas, 963 F.2d at 15.

Here, as noted above, the Plea Agreement provided that "the Court must also impose an order of restitution for the total amount of the loss." (Plea Agreement at 1.) Further, Thomas acknowledged during his plea allocution that he reviewed the Plea Agreement, discussed it with his attorney and understood it at the time he signed it. (Transcript of Plea Allocution, dated July 12, 2001 ("Plea Tr.") at 13-14.) Because Thomas was aware of the restitution obligation, his guilty plea was entirely voluntary and there is no reasonable probability that but for this Court's failure to recite the restitution obligations at the plea allocution, he would not have entered the plea. Accordingly, Thomas cannot show that this Court's failure to recite the restitution obligation at the plea allocution was a constitutional or jurisdictional error. Lucas, 963 F.2d at 15; see also Vaval, 404 F.3d at 152.

Thomas also alleges that his attorney provided ineffective assistance of counsel by not appealing the restitution issue. To prove an ineffective assistance of counsel claim, the petitioner must rebut the presumption that his appellate counsel's conduct was within the range of reasonable professional assistance and show that his counsel's conduct fell below "an objective standard of reasonableness" under "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 687-89 (1984). Indeed, the petitioner must "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would be different." Strickland, 466 U.S. at 669. Here, because Thomas' guilty plea was voluntary, this Court finds that Thomas has failed to show prejudice in his appellate counsel's failure to appeal the restitution issue. See United States v. Brooks, No. Crim.A 97-228 GK, 2000 WL 1013574, at *3-4 (D.D.C. July 13, 2000); McCoy v. United States, 96 F. Supp. 2d 469, 480-81 (E.D. Pa. 2000); see also Ferrani v. United States,

No. 01 Civ. 6612, 97 Cr. 950 (DLC), 2002 WL 1144377, at *7 (S.D.N.Y. May 30, 2002). Thus, Petitioner's ineffective assistance of counsel claim is denied.[3]

---

[3] Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), Petitioner also argues that this Court's sentence violated his Sixth Amendment right to a jury trial. (Letter to the Court from Christopher Thomas, dated Aug. 16, 2004.) However, Apprendi is inapplicable here because Thomas sentence does not exceed the maximum sentence allowed by statute. See 530 U.S. at 466. Further, Blakely is not retroactively applicable. See Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005). Moreover, to the extent Thomas argues that his counsel was ineffective for failing to raise Apprendi and Blakely, Thomas' claim is without merit because Apprendi is inapplicable and Blakely was not decided until after his direct appeal. See Andreu v. United States, No. 01 Civ. 1178 (HB), 96 Cr. 1145 (HB), 2001 WL 1488190, at *5 (S.D.N.Y. Nov. 21, 2001) (declining to find counsel ineffective for "failing to raise futile arguments").

## CONCLUSION

For the reasons set forth above, this Court grants the Government's motion for reconsideration of the April 25, 2005 Memorandum and Order. Upon reconsideration, this Court denies Christopher Thomas' petition for a writ of habeas corpus and reinstates his guilty plea and the amended judgment of conviction dated September 10, 2002. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to mark this case closed.

Dated: September 1, 2005
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to:*

Patrick J. Brackley, Esq.
377 Broadway, 8th Floor
New York, NY 10013
*Counsel for Petitioner*

AUSA Miriam Rocah
United States Attorney Office
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Respondent*